This case will be sufficiently understood from the opinion delivered in the Court of Appeals, which is as follows:
Glover, J.
This declaration was in assumpsit and contained two counts. The first count set out the following paper:
“ Georgetown, South Carolina, 30 July, 1853.
“ On the seventh day of December; we promise to pay J. T. Barnes the sum of one hundred and fifty dollars, for the hire of negro fellow George, from the fifth day of June last to the seventh day of December ensuing. Said negro to be furnished with the usual quantity of clothing.”
(Signed,) Goodman & Long.
The second count was indebitatus assumpsit for one hundred and fifty dollars for the hire of George.
On proof of the handwriting of the defendant, the plaintiff closed, and a motion was made for a nonsuit on the ground that the paper declared on in the special count, was not a promissory note within the Statute of Ann, and, that the production of that paper and proof of the handwriting did not sustain the allegations of the second count.
The motion was overruled by the Circuit Judge, who reports that it was proved by Col. Taylor, of the firm of Taylor & Moye, who were once the factors of both Barnes and the defendants, *298 that Barnes passed the note to them and they gave him credit for it, but it was never paid — that Taylor & Moye are not in arrears to the defendants, on whom in the course of their dealings they had at different times drawn drafts for sums greater than this note, but the note was never charged up as part of their demands. After the failure of the firm, the note being unpaid was retransferred to the plaintiff. The verdict was for the plaintiff, and the defendants have appealed and have renewed their motion for a nonsuit, and also for a new trial on the ground of payment. An instrument for the payment of money, and to do some other act, is not a promissory note, and enjoys none of the privileges applicable to commercial paper. (1 Bayl. on Bills, Ch. 1, Sec. 4.) The instrument declared on in. the special count, after a promise to pay a fixed sum, provides, that the defendants shall furnish the usual quantity of clothing. The duty here imposed, if not in terms, is in effect the same as the defendants assumed in the case of Wallace vs. Dyson, (1 Speer, 127.) That ease fully sustains the ground taken, that the paper was not a valid promissory note. Conceding this, it was argued that the plaintiff may recover on the second count. To which the defendants reply that the special matter proved was not admissible to support a count in indebitatus assumpsit for the hire of Greorge.
Where there is a special agreement it should be stated; but, if the terms of a special agreement have been performed, a general count is sufficient. (1 Chit. Pl. 333.) In Leeds vs. Burrows, (12 East, 1,) the plaintiff declared first on a special agreement, and second in indebitatus assumpsit, and having failed in his first count, it was held, that he could recover on the second for goods sold and delivered. Where the special agreement has been executed, the rule is no doubt as stated by Sir James Mansfield: That where a party declares on a special contract, but fails in his right to do so altogether, he may recover on the general count, if the case be such, that supposing, *299 thére had been no special contract, he might have recovered on said count. (Cook vs. Munstone, 1 N. R. 355.)
The agreement signed by the defendants expressly admits, that the consideration was the hire of George, and fully sustains the allegation in the second count. The language shows that George at the date of the paper was, and for nearly two months before had been, in the possession of the defendants, under an agreement for hire until the seventh of December after, for a specified sum. It was an acknowledgment by the defendants that they were then and had been before in the enjoyment of his services at a fixed price. The verdict may be referred to the indebitatus count, and the evidence admitted showed the defendants’ liability for the hire under that count. The term of service had expired long before the action was commenced, and if the defendants were deprived .of the labor of George by the fault of the plaintiff, they could have showed it in their defence. The motion for a nonsuit is therefore refused ; and the jury to whom the facts were submitted have by their verdict found, that the money specified in the agreement was not paid to the plaintiff, which disposes of the motion for a new trial. Motion dismissed. • ; ,
O’Neall, Wardlaw, Withers, Whither, and Muhro, JJ.,' concurred.

Motion dismissed.